■ ALDEN H. NORTON, Appellant, v. MALIBU SHORE CLUB, INC., Respondent.— In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Kings County, entered January 29, 1971, in favor of defendant, upon the trial court's dismissal of the complaint at the close of the case at a jury trial. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The appeal did not present questions of fact. In our opinion, there were questions for the jury (cf. *Bloch* v. *Shattuck Co.*, 2 A D 2d 20). Martuscello, Acting P. J., Shapiro, Gulotta, Brennan and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN CHIARELLO, Appellant.— In a *coram nobis* proceeding, defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County, dated June 3, 1970, as, upon reargument, adhered to the original decision denying the application without a hearing. Order affirmed insofar as appealed from upon the opinion on the original decision of Mr. Justice Gittleson, dated May 21, 1970. Hopkins, Acting P. J., Martuscello, Shapiro, Christ and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GREGORY RICKEY HILL, Appellant.— Appeal by defendant, as limited by his brief, from a sentence of the Supreme Court, Kings County, imposed June 13, 1972. Sentence affirmed. We have considered the constitutional question raised by defendant and find it to be without merit. Hopkins, Acting P. J., Martuscello, Shapiro, Christ and Brennan JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS KING, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered September 1, 1970, convicting him of robbery in the first degree, possession of weapons as a felony, and grand larceny in the third degree, upon a jury verdict, and imposing sentence. Judgment affirmed. In our view, the trial court did not abuse its discretion in denying defendant's pretrial motion for a psychiatric examination to determine his competency to stand trial, as defendant failed to demonstrate any reasonable basis whatsoever for such examination either before or during the trial. We have examined defendant's other claims for reversal and find them to be without merit. Nor do we express any opinion upon the merits of his pending *coram nobis* proceeding. Hopkins, Acting P. J., Martuscello, Shapiro, Christ and Brennan, JJ., concur.

■ . THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BENNIE KIRKPATRICK, Appellant.— Appeal by defendant, as limited by his brief, from a sentence of the County Court, Nassau County, imposed January 30, 1973. Sentence affirmed (*People* v. *Carter*, 31 N Y 2d 964). Hopkins, Acting P. J., Martuscello, Latham, Shapiro and Benjamin, JJ., concur.